Pala Assets Holdings, Ltd. v Rolta, LLC (2022 NY Slip Op 03697)

Pala Assets Holdings, Ltd. v Rolta, LLC

2022 NY Slip Op 03697

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 652798/18 Appeal No. 16098-16099-16100-16101 Case No. 2021-01838, 2021-01839, 2021-01840, 2021-01841, 2021-03545 

[*1]Pala Assets Holdings, Ltd. Plaintiff, Pinpoint Multi-Strategy Master Fund, et al., Plaintiffs-Respondents,
v
Rolta, LLC, et al., Defendants-Appellants.

Thompson Hine LLP, Atlanta, GA (John C. Allerding of the bar of the State of Ohio and the State of Georgia, admitted pro hac vice, of counsel), for appellants.
Kobre & Kim LLP, New York (Josef M. Klazen of counsel), for respondents.

Orders, Supreme Court, New York County (Andrea Masley, J.), entered October 26, 2020, which directed defendant judgment debtors to turnover to plaintiff judgment creditors, among other things, all cash on hand, including the $2,120,807.67 identified in the 2018-2019 Rolta India annual report, unanimously modified, on the law, to remove the reference to the amount specified in the annual report, and otherwise affirmed, without costs. Orders, same court and Justice, entered March 5, 2021, April 16, 2021, and August 24, 2021, which appointed a receiver pursuant to CPLR 5228 over the ownership interests subject to the turnover orders, unanimously affirmed, without costs.
While the turnover orders are modified as indicated above, the court otherwise properly exercised its discretion to issue, under the circumstances here, including the prima facie evidence that defendants have "custody or control" over some cash and other assets, the turnover orders and orders appointing a receiver to effectuate the turnover. Contrary to defendants' arguments, the court has personal jurisdiction over defendants with respect to the enforcement proceedings based on the broad consent to jurisdiction provision in the relevant indenture documents. The orders at issue, which require defendants and the receiver to initiate foreign proceedings or undertake other actions necessary to obtain foreign bank or government approvals that would allow for the effectuation of the underlying judgments for default on notes, do not offend considerations of international comity (see e.g. JW Oilfield Equip., LLC v Commerzbank, AG , 764 F Supp 2d 587, 596-598 [SD NY 2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022